1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL D. SMITH,

                              Petitioner,

        v.

ROBERT LEGRANDE, et al.,

                              Respondents.

Case No.  2:12-cv-01260-MMD-RJJ

ORDER

        This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.  The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.  On initial review, a substantial question exists as to whether the petition is subject to dismissal because none of the claims in the petition have been fairly presented to the state supreme court and exhausted.  Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed without prejudice for lack of exhaustion.

I.    **BACKGROUND**

        According to the papers presented and the records of the state courts, petitioner Michael Duane Smith seeks to set aside his August 6, 2010, Nevada state conviction, pursuant to a guilty plea, of home invasion, in No. 10C264716.  Petitioner was

1
2
3
4
5
6
7
8

sentenced to 48 to 120 months, with credit for 93 days served.  Petitioner did not file a direct appeal, but he did file a timely state post-conviction petition on or about February 15, 2011.  The state district court denied relief in an order filed on or about November 16, 2011.  Petitioner's December 29, 2011, appeal from the denial of his first state petition was dismissed for lack of jurisdiction as untimely by the Nevada Supreme Court on February 24, 2012, in No. 60125.  A second April 17, 2012, notice of appeal from the same November 16, 2011, order also was dismissed for lack of jurisdiction as untimely by the Nevada Supreme Court on May 17, 2012, in No. 60696.[1]

9
10
11
12
13
14
15

Meanwhile, petitioner filed a second state petition on or about April 18, 2012.  The state district court issued a written order on or about July 5, 2012, denying the petition as untimely and successive.  It does not appear that an appeal has been taken as yet from the denial of the second petition.  Moreover, and any proceedings on a timely appeal to the Nevada Supreme Court would not have been concluded in the relatively short interval of time between the issuance of the state district court's order (July 5, 2012) and petitioner's filing of his federal petition (July 16, 2012).

16

## II.   GOVERNING LAW

17
18
19
20
21
22

The Court may raise issues of exhaustion *sua sponte*.  *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal court.  To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.  *E.g., Peterson v. Lampert*, 319

23
24
25
26
27
28

---

[1]The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *E.g., Harris v. County of Orange*, ___ F.3d ___, 2012 WL 2060666, slip op. at *4 (9th Cir., June 8, 2012).  The online docket records of the state district court and Nevada Supreme Court may be accessed from:
                https://www.clarkcountycourts.us/Anonymous/default.aspx
                http://www.nevadajudiciary.us/index.php/supremecourt

F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

**III.   DISCUSSION**

Petitioner has not presented any claims to the Supreme Court of Nevada in a procedural context in which the merits of any claim would be or could be considered. He did not file a direct appeal from his criminal conviction. He did not timely appeal the denial of his first state post-conviction petition, and the Supreme Court of Nevada did not have jurisdiction to consider the merits of any claims on his two untimely appeals. Nor has he appealed the denial of his second state petition as yet.

As noted, petitioner must present his claims all the way through to the Supreme Court of Nevada in order to exhaust the claims. Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim for purposes of exhaustion. *E.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner's two untimely appeals did not fairly present any claims to the Supreme Court of Nevada for purposes of exhaustion because that court did not have jurisdiction over the untimely appeals. Petitioner thus has not exhausted any claim as yet.

Petitioner therefore must show cause in writing why the petition should not be dismissed as completely unexhausted.  The petition will be dismissed without further advance notice if petitioner does not timely respond to this order or fails to demonstrate that the action should not be dismissed without prejudice for lack of exhaustion. Nothing herein signifies either that the claims in the federal petition correspond to any particular claim in the state court proceedings or that the petition otherwise is free of deficiencies.

The Court will hold the motion for appointment of counsel under submission pending resolution of the exhaustion inquiry.  Petitioner should note that the handwritten memorandum submitted with the motion for appointment of counsel stops in mid-sentence at the end of page 5.  If petitioner wishes to submit further argument in support of the motion, he should file a separate and complete supplemental memorandum in support of the motion.  The Court does not find in the interim that the interests of justice require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) pending resolution of the show-cause inquiry, as petitioner has demonstrated an adequate ability to articulate his position in relation to the exhaustion issue presented. The Court's decision in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D.Nev. 2007), does not hold that counsel should be appointed in every habeas action pursued by an inmate incarcerated at Lovelock Correctional Center.  *See* 508 F.Supp.2d at 861-62.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED, such that petitioner shall not be required to pay the $5.00 filing fee, and that the Clerk of Court shall file the petition.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of exhaustion.  Petitioner shall attach with his response copies

///

///

///

4

1  of all state court filings upon which he relies to establish that the exhaustion requirement

2  has been satisfied as to the claims in the federal petition.

3

4       DATED THIS 19th day of July 2012.

5

6                                          _____

       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28